United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH ALBERT BUNN,<br>　　　　Plaintiff,<br>　　v.<br>FORD MOTOR COMPANY, et al.,<br>　　　　Defendants. | Case No. 5:19-cv-03590-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Plaintiff alleges various state-law causes of actions against Defendants Ford Motor Company and Ken Grody Ford Carlsbad ("Grody"). Defendants contend that they properly removed this action from state court to federal court and that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff disagrees and moves to remand the case, arguing that Defendant Grody destroys diversity. In response, Defendants claim that Defendant Grody is a sham defendant and thus removal is proper. The Court disagrees.[1] Because dismissing Defendant Grody is improper, complete diversity does not exist among the parties and the Court lacks jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). The Clerk is **DIRECTED** to **REMAND** this case to Santa Clara County Superior Court and close the file.

**I.　BACKGROUND**

**A. Factual Background**

On or about January 28, 2008, Plaintiff purchased a 2008 Ford F-250 Super Duty vehicle (the "Vehicle") from Defendant Ford Motor Co. Complaint for Violation of Statutory Obligations

---

[1] After considering the parties papers, the Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1

("Compl.") ¶ 8, Dkt. 1-2, Ex. B. Plaintiff received an express written warranty with this purchase. *Id.* ¶ 8. During the warranty period, the Vehicle contained or developed defects—specifically Engine-defects—which substantially impaired the use, value, or safety of the Vehicle. *Id.* ¶ 9. Plaintiff asserts six causes of action, but only the fifth cause of action, which alleges that Defendants breached the implied warranty of merchantability, includes Defendant Grody. *Id.* ¶¶ 28–31. This cause of action is brought under the Song-Beverly Consumer Warranty Act, see Cal. Civ. Code §§ 1791.1, 1794, 1795.5. *See id.* The other five causes of action are not asserted against Defendant Grody and so are not at issue. *See id.* ¶¶ 7–15, 16–20, 21–23, 24–27, 33–72.

Plaintiff and Defendant Grody are California residents. *Id.* ¶¶ 2, 5. Defendant Ford Motor is a citizen of Delaware. *Id.* ¶ 4.

### B. Procedural Background

Plaintiff filed his Complaint in the Santa Clara County Superior Court on May 6, 2019. Compl. at 17. Defendant Ford Motor removed the action to this Court on June 20, 2019, pursuant to 28 U.S.C. § 1332. Dkt. 1. On October 17, 2019, Plaintiff filed a motion to remand. Motion to Remand Case ("Mot."), Dkt. 17. Defendant filed on opposition on October 31, 2019. Opposition/Response re Motion to Remand ("Opp."), Dkt. 18. On November 7, 2019, Plaintiff submitted a reply. Reply re Motion to Remand Case ("Reply"), Dkt. 20.

## II.   LEGAL STANDARD

### A. Motion to Remand

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
2

**B. Sham Defendant**

While 28 U.S.C. § 1332 requires complete diversity of citizenship, see *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), one exception is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a "term of art," it does not imply any intent to deceive on the part of a plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is fraudulent if: (1) the plaintiff fails to state a cause of action against a defendant and (2) the failure is obvious according to the settled rules of the state. *McGabe*, 811 F.3d at 1339.

As a matter of general principle, courts presume that a defendant is not fraudulently joined. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Indeed, defendants who assert fraudulent joinder carry a heavy burden of persuasion. *Id.* It must appear to a "near certainty" that the joinder was fraudulent. *Alexander v. Select Comfort Retail Corp.*, 2018 WL 6726639, at *2 & n.4 (N.D. Cal. Dec. 21, 2018) (citing *Diaz*, 185 F.R.D. at 586). Merely showing that an action is "likely to be dismissed" against that defendant does not demonstrate fraudulent joinder. *Diaz*, 185 F.R.D. at 586; *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). The defendant must be able to show that the individuals joined in the action cannot be liable under *any* theory. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). In resolving the issue, the court must resolve all ambiguities in state law in favor of the plaintiffs. *Diaz*, 185 F.R.D. at 586.

**III. DISCUSSION**

**A. Subject-Matter Jurisdiction**

Defendants first argue that Plaintiff's motion to remand is untimely. Opp. at 3. A motion to remand must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Defendants argue that Plaintiff's motion to remand is untimely because it is late. Opp. at 3. Of course, if this Court determines that it is without subject-matter jurisdiction, then the

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
3

thirty-day timeline in 28 U.S.C. § 1447(c) is inapplicable. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction . . . the court shall dismiss the action."). The crux of Plaintiff's motion is that Grody destroys diversity and thereby this Court's jurisdiction over this case. The motion, thus, hinges on subject-matter jurisdiction, which is never untimely. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998); *Alvarez v. TransitAmerica Servs., Inc.*, 2019 WL 4644909, at *2 & n.1 (N.D. Cal. Sept. 24, 2019). Accordingly, Plaintiff's motion to remand is timely.

### B. Sham Defendant

Defendants next argue that Defendant Grody is a sham defendant because Plaintiff's sole cause of action against Defendant Grody is barred by the statute of limitations. Opp. at 4, 9. The Song-Beverly Act does not include its own statute of limitations; rather, the statute of limitations is governed by two separate time limits. *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1100 (N.D. Cal. 2014). First, "[u]nder California Civil Code § 1791.1(c), implied warranties exist for one year following the sale of [new] goods." *Gerstle v. Am. Honda Motor Co., Inc.*, 2017 WL 2797810, at *11 (N.D. Cal. June 28, 2017) (alterations in original) (quoting *Roberts v. Electrolux Home Prods., Inc.*, 2013 WL 7753579, at *5 (C.D. Cal. Mar. 4, 2013)). To state a breach of implied warranty claim, a plaintiff must allege that the product was unfit or unmerchantable at the time of sale or within a year after delivery of the product. *Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 294 (Cal. Ct. App. 2009). Second, pursuant to California Commercial Code § 2725, "implied warranty claims must be brought within four years of the date when the breach occurred." *Gerstle*, 2017 WL 2797810 at *11.

Here, the alleged breach occurred "[a]t the time of purchase, or within one-year thereafter." Compl. ¶ 31. The first time limit is thus satisfied. The dispute focuses on the second timeline; specifically, whether Plaintiff brought suit within the four-year time limit. Defendants argue that because the statute of limitations period runs from the date of purchase, Plaintiff's implied warranty claim expired nearly seven years ago, on January 28, 2012. Opp. at 6. In other words,

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

Defendants argue that because the implied warranty action is time-barred, Defendant Grody is not liable and is a sham defendant. *See Calero*, 271 F. Supp. 2d at 1176.

However, as this Court has previously held, Defendants' argument is contrary to applicable California law. *See Tanner v. Ford Motor Co.*, 2019 WL 6269307, at *3 (N.D. Cal. Nov. 25, 2019) (citing *Mexia*, 95 Cal. Rptr. 3d at 293); *see also Smith v. Ford Motor Co.*, 2020 WL 609864, at *4 (N.D. Cal. Feb. 4, 2020). Under California law, implied warranties *may* extend to the future performance of goods.[2] *See, e.g.*, *Smith*, 2020 WL 609864 at *4; *Yeager v. Ford Motor Co.*, 2020 WL 95645, at *3 (N.D. Cal. Jan. 8, 2020); *Tanner*, 2019 WL 6269307 at *3 ("Under the Song-Beverly Act, a claim for breach of the implied warranty of merchantability may be based upon a defect not discoverable at the time of the sale." (citing *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 922 (C.D. Cal. 2010)); *Phillips v. Ford Motor Co.*, 2019 WL 5188259, at *3 (N.D. Cal. Oct. 15, 2019). "The discovery rule, where applicable, postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013). Delayed discovery requires: (1) a latent defect in the product that the buyer could not reasonably discover at sale and (2) a warranty that extends to the future performance of goods. *Mexia*, 95 Cal. Rptr. 3d at 291–92.

Pursuant to the discovery rule, Plaintiff *could* state a claim against Defendant Grody. While the Complaint alleges that the alleged Engine-defects arose within one-year of purchase, it also alleges that Plaintiff did not discover the defects because Defendants concealed information about such defects. *See, e.g.*, Compl. ¶¶ 57, 60, 67 (alleging that Defendant Ford instructed dealerships to fix minor problems rather than the underlying defect); *see also id.* ¶ 73 (contending that if a statute of limitation issue exists, the discovery rule [among other things] tolled such limitations). While Plaintiff may not ultimately succeed on a "delayed discovery" theory, he need only show that success is possible. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807

---

[2] This Court has previously rejected Defendants' arguments that the delayed discovery rule cannot apply to implied warranty claims. *See Tanner*, 2019 WL 6269307 at *3–*4. For the reasons discussed in *Tanner*, the delayed discovery rule may apply to implied warranty claims. *See id.*; *see also Smith*, 2020 WL 609864, at *4–*5.

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
5

(N.D. Cal. 1998). Plaintiff has identified a latent defect—the Engine defect—and has alleged a delay in discovery because of Defendants' representations. *See* Compl. ¶¶ 31, 73. Moreover, "[e]ven if the allegations concerning [discovery] are not sufficiently pled, Ford has not shown that Plaintiff will not be able to amend the complaint to allege [that the discovery rule applies]." *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); *Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *3 (N.D. Cal. May 17, 2010) ("[E]ven if the complaint fails to state any claims against the non-diverse individual defendants, defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claim against the individual defendants under California law."). Accordingly, because the Court cannot conclude Plaintiff has no possibility of ultimately stating a claim for breach of the implied warranty of merchantability against Defendant Grody, Defendants have not met their burden of establishing sham joinder.[3] *See Diaz*, 185 F.R.D. at 586 (noting that the court must resolve all ambiguities in state law in favor of the plaintiff).

### C. Indispensable Party

Federal Rule of Civil Procedure 21 allows a federal court, on just terms, to "add or drop a party." Rule 21 grants a federal district or appellate court the "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Pursuant to Federal Rule of Civil Procedure 19, parties are indispensable if complete relief cannot be afforded without that party, if the absent party's interests will be prejudiced, or if the absent party would have an inadequate remedy if they were dismissed for nonjoinder. Fed. R. Civ. Pro. 19.

Courts in this District have held that auto dealerships "may be necessary for adjudication of state law claims, for purposes of a § 1447(e) analysis." *Watson v. Ford Motor Co.*, 2018 WL 3869563, at *4 (N.D. Cal. Aug. 15, 2018); *see also Tanner*, 2019 WL 6269307 at *4. If the

---

[3] Because the Court holds that it is not obvious the implied warranty claim is time-barred, it does not address the other tolling arguments.

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
6

"breach of the implied warranty arises from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair that vehicle," joinder is typically necessary because "[t]rying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs." *Sandhu v. Volvo Cars of N. Am., LLC*, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017).

Here, Plaintiff alleges that the breach of the implied warranty arises from the same vehicle, the same alleged defects in the vehicle, and the same failed attempts to repair the vehicle. Mot. at 6; *cf. Sandhu*, 2017 WL 403495, at *2. As in *Sandhu*, *Watson*, and *Tanner*, trying Defendant Ford Motor Company and Defendant Grody separately could lead to inconsistent findings. Fed. R. Civ. P. 19(b)(1); *see also Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (holding party necessary because party was "directly related" to claims for relief and was a "direct participant" in the claims). Hence, inconsistent findings may result if Defendant Grody is dismissed. More concerning, Defendant Grody may be prejudiced by dismissal because Defendant Ford is arguing that it is entitled to full indemnity from Defendant Grody, and so Defendant Ford has a lesser interest in vigorously defending against this action. *See* Opp. at 12. Accordingly, contrary to Defendants' assertion, Defendant Grody is an indispensable party.

### D. Plaintiff's Domicile

"The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed." *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile.").

Plaintiff argues that Defendants have not established his domicile.[4] Opp. at 18–19. The

---

[4] As the Court noted in *Tanner*, this argument contradicts Plaintiff's position that complete diversity does not exist. As in *Tanner*, Plaintiff spends a portion of his brief arguing that Defendant has not established his citizenship. This, however, undercuts his main argument that the inclusion of Defendant Grody destroys diversity and mandates remand. Plaintiff *needs* to be a California citizen for Defendant Grody's citizenship to matter.

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
7

Court disagrees. Pursuant to longstanding precedent, courts presume that a person's "current residence is also his domicile." 13E WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3612 & n.28 (3d ed. 2013) (collecting cases); *see also Tanner*, 2019 WL 6269307 at *5 (rejecting *Metropoulos v. BMW of N. Am., LLC*, 2017 WL 564205, at *1 (C.D. Cal. Feb. 9, 2017) decision that a plaintiff's residence does not establish the plaintiff's domicile). Plaintiff alleged in his Complaint that he is "a resident of California." Compl. ¶ 2. Accordingly, because both Plaintiff and Defendant Grody are California residents, complete diversity does not exist between the Parties and the Court must **GRANT** Plaintiff's motion to remand.

## IV. CONCLUSION[5]

Because Defendant Grody is an indispensable and non-sham defendant, this Court lacks subject-matter jurisdiction and must remand the action pursuant to 28 U.S.C. § 1447(c). The Court thus **GRANTS** Plaintiff's motion to remand. The Clerk is **DIRECTED** to **REMAND** this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2020

EDWARD J. DAVILA
United States District Judge

---

[5] The Court does not address Plaintiff's amount-in-controversy arguments as it holds there is not complete diversity between the Parties.

Case No.: 5:19-cv-03590-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

8